

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2007

# S Broward Hosp Dist v. Medquist Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2076

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"S Broward Hosp Dist v. Medquist Inc" (2007). *2007 Decisions.* Paper 43.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/43

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2076

SOUTH BROWARD HOSPITAL DISTRICT, doing business as
MEMORIAL HOSPITAL WEST, doing business as MEMORIAL
HOSPITAL PEMBROKE, doing business as MEMORIAL
REGIONAL HOSPITAL; CHILDRENS HOSPITAL LOS ANGELES;
NORTHBAY HEALTHCARE GROUP, doing business as NORTHBAY
MEDICAL CENTER, doing business as VACA VALLEY HOSPITAL;
PARTNERS HEALTHCARE SYSTEMS, INC., doing business as
PARTNERS HEALTHCARE, doing business as MASSACHUSETTS
GENERAL HOSPITAL, doing business as MASSACHUSETTS
GENERAL PHYSICIAN'S ORGANIZATION, doing business as
BRIGHAM AND WOMEN'S HOSPITAL, doing business as SPAULDING
REHABILITATION HOSPITAL; doing business as NEWTON-WELLESLEY
HOSPITAL, doing business as NORTH SHORE MEDICAL CENTER, INC.,
doing business as THE SALEM HOSPITAL, doing business as
UNION HOSPITAL; RIVERSIDE HEALTHCARE SYSTEMS, L.P., doing
business as RIVERSIDE COMMUNITY HOSPITAL; WEST HILLS HOSPITAL,
individually and on behalf of all those similarly situated
doing business as WEST HILLS HOSPITAL & MEDICAL CENTER

v.

MEDQUIST INC; RONALD SCARPONE; JOHN SUENDER; BRIAN KEARNS;
MICHAEL CLARK; MEDQUIST TRANSCRIPTIONS, LTD.

Medquist Inc. and
Medquist Transcriptions, Ltd,

Appellants

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 05-cv-2206)
District Judge: Honorable Jerome B. Simandle

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2007

Before: SLOVITER and AMBRO, Circuit Judges
POLLAK,[*] District Judge

(Opinion filed:   December 18, 2007)

OPINION

AMBRO, Circuit Judge

Medquist Inc, a provider of transcription services to hospitals, appeals the District

Court's denial of its motion to compel arbitration.  As we agree with the District Court

that Medquist waived its right to compel arbitration, we affirm.

Plaintiffs-appellees are a putative class of hospitals.  They allege that Medquist

manipulated its billing practices in a fraudulent manner that violated the Racketeer

Influenced and Corrupt Organizations Act, resulting in various tort claims.  Their action,

initially filed in the Central District of California, was transferred to the District of New

Jersey.  After motion practice before that Court and 16 months into the case, Medquist

moved to compel arbitration.

---

[*]Honorable Louis H. Pollak, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, establishes a policy in favor of arbitration that requires the liberal reading of arbitration agreements and the resolution of any doubts in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Waiver of the right to compel arbitration is not to be inferred lightly. *Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222, 233 (3d Cir. 1997) (citing *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1068 (3d Cir. 1995)). Prejudice is the touchstone for evaluating an asserted waiver of the right to compel arbitration. *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 223 (3d Cir. 2007) (citing *Hoxworth v. Blinder, Robinson, & Co.*, 980 F.2d 912, 925 (3d Cir. 1992)). In determining prejudice, we consider the following non-exclusive list of factors: (1) the timeliness or lack of a motion to arbitrate; (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; (3) whether the party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the District Court proceedings; (4) the extent of that party's non-merits motion practice; (5) its assent to the District Court's pretrial orders; and (6) the extent to which the parties have engaged in discovery. *Id.* at 222 (citing *Hoxworth*, 980 F.2d at 926-27). Waiver normally will be found only "where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery." *Faragalli*, 61 F.3d at 1068-69 (quoting *Gavlik Constr. Co. v. H.F. Campbell Co.*, 526 F.2d 777, 783 (3d Cir.1975)).

3

To repeat, the motion to compel arbitration before us came 16 months after the filing of suit. Even after subtracting the five months at the beginning of the case during which no plaintiffs had been named that were parties to contracts containing arbitration provisions,[1] the remaining 11-month period is as long as the period at issue in *Hoxworth*. *See* 980 F.2d at 925; *see also id.* at 926 (noting that "courts have not hesitated to hold that the right to arbitrate has been waived under circumstances similar to those here"). Although the District Court did not entertain motions for summary judgment, Medquist twice tested the sufficiency of the pleadings with motions to dismiss. The fact that the parties did not engage in discovery normally precludes a finding of waiver, but here it is outweighed by Medquist's tactical decision to litigate extensively in federal court before seeking to compel arbitration.

As detailed by the District Court, Medquist litigated this case vigorously before expressing an intent to force arbitration. This is demonstrated by its motion to dismiss the second amended complaint in favor of arbitration (which was filed eleven months after the beginning of the case, or five months before the motion to compel arbitration). That motion did not indicate an intent to move to compel arbitration in the future. Instead, it argued that "[b]ecause plaintiffs have not indicated whether they will pursue arbitration,

---

[1]However, plaintiffs incorrectly alleged in the initial complaint that they were parties to contracts containing arbitration provisions and that agreement to those provisions was fraudulently induced. This error was one basis for defendants' motion for Rule 11 sanctions against plaintiffs and their counsel. *See* Motion for Sanctions 17-22, Case No. C 05-2206 JBS (D.N.J., Nov. 8, 2005).

and there is no request to compel arbitration before the Court, a stay would serve no purpose and the action should be dismissed." In other words, Medquist attempted to turn to its own advantage its decision not to move to compel arbitration. The hospitals may have delayed somewhat the litigation by their own conduct, but Medquist has not explained how the actions of the hospitals stopped it from moving to compel arbitration at an earlier date.

The District Court concluded correctly that Medquist made a tactical decision to forgo moving to compel arbitration pending litigation of the motions to dismiss. This decision exposed the hospitals to extensive litigation expense and allowed Medquist to pursue a total victory in federal court while presuming to reserve any motion to compel arbitration. Nothing in the cases cited by Medquist entitles it to expose the hospitals to such delay, expense, and prejudice and then move to compel arbitration. Medquist may have expressed its preference for arbitration, but that fact does not reduce the prejudice caused to the hospitals by its tactical decision not to move to compel arbitration. It moved to the arbitration alternative only when its preferred option proved unsuccessful. In this case, it was too late.

We thus affirm. In doing so, we do not reach the other issues raised by Medquist in this appeal because they have not been considered by the District Court.

_____